**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **CHARLEY EDWARD BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:17-cv-04614** |
| | ) | |
| **BECKLEY VA MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's letter-motion to dismiss action filed on February 16, 2018.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3)

**FACTUAL AND PROCEDURAL HISTORY**

On December 26, 2017, Plaintiff filed an Application to Proceed Without Prepayment of Fees and a Complaint pursuant to 5 U.S.C. § 552(a)(4)(B). (ECF Nos. 1 and 2) In his Complaint, Plaintiff alleges that since 2004, Defendant misdiagnosed and failed to provide proper medical treatment for his diabetes.[2] (ECF No. 2) As relief, Plaintiff requests monetary damages. (Id.)

By Order entered on December 27, 2017, the undersigned denied Plaintiff's Application to Proceed Without Prepayment of Fees. (ECF No. 4) Plaintiff filed a letter-form motion requesting the Court to reconsider. (ECF No. 5) The undersigned took Plaintiff's letter-form

[1] Plaintiff filed his letter-motion in civil action number 5:17-cv-04615 (ECF No. 9); Plaintiff has two civil actions pending before this Court, however, this Proposed Finding and Recommendation for Disposition only applies to civil action number 5:17-cv-04614.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed. 652 (1972).

motion under advisement and ordered Plaintiff to amend his Complaint to specify his claims under the Federal Tort Claims Act and to identify the individuals subject to his Complaint no later than February 20, 2018. (ECF No. 8)

On February 16, 2018, in civil action number 5:17-cv-04615, Plaintiff filed his letter-form motion "Response" to the Court's Order informing the Court that "I have decided to withdraw my case against the Beckley VA Medical Center for the misdiagnosis of diabetes but to push forth my case against the Beckley VA Medical Center for the mismanagement and treatment of my foot." [3] (ECF No. 9, civil action number 5:17-cv-04615) Plaintiff contemporaneously filed his Amended Complaint pursuant to the Court's Order that identified the individuals responsible for the amputation of his big toe, subject to the civil action pending in 5:17-cv-04615. (ECF No. 10, civil action number 5:17-cv-04615)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to

[3] The undersigned is further informed that Plaintiff personally advised personnel in the Office of the Clerk that he intended to withdraw this civil action, 5:17-cv-04614.

allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In this case, Defendant has neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's letter-form motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995) (Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's letter-form motion "Response" (ECF No. 9, in civil action number 5:17-cv-04615), **DISMISS** Plaintiff's Complaint (ECF No. 2) without prejudice and remove this matter from the

Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 20, 2018.

Omar J. Aboulhosn
United States Magistrate Judge